# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

GABRIEL TYRONE SMITH,

           :

      Petitioner,                  Case No. 1:11-cv-083

                      :        District Judge S. Arthur Spiegel

     -vs-                    Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
  Institution,

                      :

      Respondent.

---

## REPORT AND RECOMMENDATIONS

---

Petitioner Gabriel Smith brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Butler County Common Pleas Court upon conviction of felonious assault with repeat violent offender and firearm specifications. He pleads the following Grounds for Relief:

> **Ground One:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Counsel failed to provide timely disclosure of a defense witness which led to the witness being excluded from testifying; failure to object to egregious prosecutorial misconduct where the prosecutor stated in closing that witnesses testified that the Petitioner had a gun and had fired it when no such evidence existed.
>
> **Ground Two:** Prosecutorial Misconduct
>
> **Supporting Facts:** Prosecutor stated in closing that witnesses had testified that the petitioner had a gun and was firing it when there was no such testimony.
>
> **Ground Three:** Failure to grant motion for separate trials.

-1-

**Supporting Facts:** The accusation was of a gun fight involving four defendants. There was never any testimony that the Petitioner had a gun or fired one. Further, an undated picture of a co-defendant with an illegal firearm prejudiced the Petitioner's case and raised issues of guilt by association.

**Ground Four:** Use of Prior Bad Acts evidence and guilt by association in violation of due process of law.

**Supporting Facts:** The Prosecutor used evidence of a prior prison sentence and prior involvements with the law as well as an undated picture of a co-defendant with an illegal firearm to convict the Petitioner.

(Petition, Doc. No. 1, PageID 6-11.)

## Ground One

In his First Ground for Relief, Petitioner asserts his trial attorney provided ineffective assistance when he (1) failed to timely disclose a defense witness, leading to exclusion of that witness at trial, and (2) failed to object to the prosecutor's misstatement of the evidence in closing argument. The Warden does not assert any procedural defense to this ground for relief and it is thus preserved for merits decision in habeas.

These two sub-claims were pursued on direct appeal as part[1] of Smith's Tenth Assignment of Error. The Butler County Court of appeals decided the claim as follows:

[*P109] Assignment of Error No. 10:

[*P110] "APPELLANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE

---

[1] Smith also claimed his counsel was ineffective for failure to insist on a jury determination of the repeat violent offender specification. He does not pursue that claim here.

ASSISTANCE OF COUNSEL."

[*P111] Appellant argues he received ineffective assistance of counsel at trial because his counsel failed to (1) "insist upon a jury determination" of the RVO specification; (2) provide timely discovery of Kristanoff as a defense witness; and (3) object to the prosecutor's improper remarks during closing arguments.

[*P112] In order to establish ineffective assistance of counsel, appellant must show that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Specifically, appellant must show that his counsel's performance "fell below an objective standard of reasonableness," and that there is a reasonable probability that but for his counsel's deficient performance, the outcome of the trial would have been different. *Strickland* at 688, 693-694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct;" as a result, a reviewing court's "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

[*P113] A reviewing court is not permitted to use the benefit of hindsight to second-guess the strategies of trial counsel. *State v. Hoop*, Brown App. No. CA2004-02-003, 2005 Ohio 1407, P20. A criminal defendant must overcome a presumption that his counsel's actions or inactions "might be considered sound trial strategy." *Strickland* at 689. Even debatable trial strategies and tactics do not constitute ineffective assistance of counsel. *Hoop* at P20. Further, "it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d at 142.

[*P114] Appellant first asserts he received ineffective assistance of counsel when trial counsel failed to provide timely discovery of Kristanoff as a defense witness.

[*P115] Assuming, arguendo, that trial counsel's failure to provide timely discovery of Kristanoff constituted deficient performance, we find appellant has not shown there is a reasonable probability that, but for counsel's conduct, the outcome of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland* at 689. As stated

earlier, Kristanoff would likely have testified that shots were fired at the Taurus. However, such evidence was already before the jury through Cierra's testimony. Thus, Kristanoff was at best an impeachment witness. Given the totality of the evidence against appellant, and the high standard for finding ineffective assistance under *Strickland*, we cannot say that counsel's failure to provide timely discovery of Kristanoff constituted ineffective assistance of counsel.

[*P116] Next, appellant asserts he received ineffective assistance of counsel when trial counsel failed to object to the prosecutor's improper remarks during closing arguments.

[*P117] The trial court instructed the jury that opening statements and closing arguments are not evidence. "Consequently, it is within counsel's realm of tactical decision-making to choose to avoid interrupting closing arguments." *State v. Brown*, Warren App. No. CA2002-03-026, 2002 Ohio 5455, P22. Failure to object to prosecutorial misconduct "'does not constitute ineffective assistance of counsel *per se*, as that failure may be justified as a tactical decision.'" *Id.*, *quoting State v. Gumm,* 73 Ohio St.3d 413, 428, 1995 Ohio 24, 653 N.E.2d 253. The record shows that during appellant's closing arguments, trial counsel responded to the prosecutor's remarks by telling the jury "[n]ot a single witness here that you heard in the last three or four days, testified that [appellant] had a weapon or used a weapon."

[*P118] Even if we were to find that trial counsel's failure to object constituted deficient performance, appellant is still required to show prejudice. Appellant has not demonstrated that the result of the trial would have been different had counsel objected to the prosecutor's remarks during closing arguments. Appellant's counsel was therefore not ineffective for choosing not to object to the prosecutor's remarks during closing arguments. *See Brown.*

*State v. Smith*, 2009 Ohio 5517, 2009 Ohio App. LEXIS 4648 (Ohio App. 12th Dist. Oct. 19, 2009).

The Ohio Supreme Court declined jurisdiction over Smith's discretionary appeal. *State v. Smith*, 124 Ohio St. 3d 1477 (2010). Thus the court of appeals' decision stands as the last state court decision on the merits of these two ineffective assistance of trial counsel claims.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The court of appeals applied the correct governing federal standard on ineffective assistance of trial counsel claims which is stated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential.  . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the

> defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1184 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011).


**Excluded Witness Sub-claim**


Rather than analyzing the deficient performance prong of *Strickland*, the court of appeals assumed it was deficient performance to fail to make a timely identification of the excluded witness. It turned directly to the prejudice prong and found no prejudice.  In doing so it assumed[2] that Kristanoff, the excluded witness, would have testified that there were bullet indentations in the Taurus, implying shots had been fired at it, rather than from it.  However, a passenger in the car had already testified to that effect.  Kristanoff had been hired as an investigator by a co-defendant and

---

[2] Kristanoff's testimony was not proffered. *State v. Smith, supra*, ¶ 37.

nothing in the record suggests he was in any way a ballistics expert, so it is unclear how he could have testified shots were not fired from the Taurus as that is not a logical inference from the fact that shots were fired at it.

Analyzing this sub-claim under 28 U.S.C. § 2254(d)(1) and (2), this Court cannot say the state court's conclusion is an unreasonable determination of the facts on the basis of the evidence before it or an objectively unreasonable application of clearly established federal law.

**Failure to Object During Closing**

The court of appeals also found no ineffective assistance of counsel in Smith's trial attorney's failure to object to comment by the prosecutor in closing. On this prong the court found neither deficient performance nor proof of prejudice. Citing prior Ohio precedent in a capital case, *Gumm*, 73 Ohio St. 3d at 428, it noted that failure to interrupt an opponent's closing argument is sometimes justifiable as a trial tactic. Furthermore, the trial judge had instructed the jury that the closing arguments were not evidence and trial counsel was able to argue to the jury, correctly, that no witness had testified to seeing Petitioner with a weapon. The court of appeals also concluded on the prejudice prong that Smith had not shown the objection would likely have changed the outcome of the trial.

The Magistrate Judge concludes the state court's conclusion that this omission did not constitute ineffective assistance of trial counsel is not an unreasonable determination of the facts on the basis of the evidence before it or an objectively unreasonable application of clearly established federal law. Juries and judges are known to resent interruptions of closing argument and therefore

they are often not made when they would have been justified as a matter of law.  The misstatements were not made in the prosecutor's final closing and Petitioner's counsel thus had an opportunity to correct them.  Given the complex factual context – a running gun battle – the fact that no witness saw a gun in Petitioner's hands probably would not have been outcome determinative.

The First Ground for Relief should therefore be dismissed with prejudice.

## Ground Two

In his Second Ground for Relief, Smith claims he was denied a fair trial when the prosecutor claimed in closing argument that witnesses had seen Smith with a firearm when there was no such testimony.  This claim was raised on direct appeal as Assignment of Error No. 9 on which the court of appeals ruled:

> [*P100] "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING JUDGMENT OF CONVICTION AND SENTENCE AFTER A TRIAL IN WHICH EGREGIOUS PROSECUTORIAL MISCONDUCT DEPRIVED HIM OF HIS FOURTEENTH AMENDMENT RIGHT TO A FUNDAMENTALLY FAIR TRIAL."
>
> [*P101]  Appellant argues that the state committed prosecutorial misconduct during its closing argument by falsely characterizing the testimony of some of the witnesses.
>
> [*P102]  Before we begin our analysis, we must point out that appellant's counsel failed to object to the alleged prosecutorial misconduct. As such, any perceived error which was not brought to the attention of the trial court is waived unless it rises to the level of plain error. Crim.R. 52; *State v. VanLoan*, Butler App. No. CA2008-10-259, 2009 Ohio 4461, P33. Prosecutorial misconduct rises to the level of plain error if it is clear the defendant would not have been convicted in the absence of the improper comments. Id.

[*P103]  The test for prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. *Id.* at P32. The touchstone of the analysis is the fairness of the trial, not the culpability of the prosecutor. *State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293. Prosecutors are "normally entitled to a certain degree of latitude in [their] concluding remarks." *State v. Smith* (1984), 14 Ohio St.3d 13, 13-14, 14 Ohio B. 317, 470 N.E.2d 883. Nevertheless, prosecutors must avoid assertions calculated to mislead; may not allude to matters not supported by admissible evidence; *Lott* at 166, and cannot go beyond the evidence which is before the jury when arguing for a conviction. *Smith* at 14; *State v. Smidi* (1993), 88 Ohio App.3d 177, 623 N.E.2d 655 (it is improper to argue "facts" that are not supported by the evidence).

[*P104]  During closing arguments, the prosecutor argued that "Tyrone Smith, everybody saw a blue Taurus that evening. *** [Demetrius] saw Tyrone driving the car and shooting from the window. Zeph Jennings saw Tyrone shooting out of the blue Taurus. James Wilson saw him shooting out of the blue Taurus." Subsequently, during rebuttal, the prosecutor stated "there were four or five witnesses that specifically said that Tyrone was driving the car and there was a couple that even said he was shooting out of it;" "as for Tyrone Smith, the defense attorney said there is no evidence of him shooting. That's actually not true. There was at least three witnesses that specifically said I saw Tyrone shooting out of the car. *** [T]here were three witnesses who said I saw Tyrone shooting;" and "In fact, [Demetrius] said I saw the gun in his hand and he was shooting. I couldn't tell you what kind of gun it was, but I saw the muzzle blast. I saw his face and it was coming out of the window."

[*P105]  We are troubled by the foregoing remarks made by the prosecutor during closing arguments. We have thoroughly reviewed the record and absolutely no witnesses testified seeing appellant with a weapon and/or firing a weapon from the Taurus or at any time. In fact, when specifically asked, both Demetrius and James unequivocally testified they never saw appellant holding or firing a weapon that night. As for Zeph, he simply testified seeing shots being fired from the Taurus. Demetrius, James, and Griffis similarly so testified. We are also troubled by the state's failure on appeal to acknowledge that the foregoing remarks were not supported by the evidence submitted at trial. In its appellate brief, the state simply states that witnesses saw appellant drive the Taurus and that gunshots

-9-

were fired from the car.

[*P106] The statements made by the prosecutor were thus clearly improper. A prosecutor may prosecute with earnestness and vigor and strike hard blows; however, he is not at liberty to strike foul ones. *Smith*, 14 Ohio St.3d at 14. "The prosecutor is a servant of the law whose interest in a prosecution is not merely to emerge victorious but to see that justice shall be done." *Id.*

[*P107] Although the remarks were improper, we find they do not rise to the level of plain error. First, while not dispositive, we note that the trial court instructed jurors they were not to use statements made in closing arguments as evidence in their deliberations. As previously noted, we must presume the jury followed the trial court's instructions. *VanLoan*, 2009 Ohio 4461 at P38. Next, the improper remarks clearly did not prejudicially affect appellant's substantial rights as the jury acquitted him of the firearm specification dealing with discharge of a firearm from a vehicle. Finally, given the evidence against appellant, we find that even in the absence of the improper comments, he would have been convicted of felonious assault as an aider and abettor.

[*P108] We therefore find that the state did not commit prosecutorial misconduct during closing arguments. However, our conclusion that the prosecutor's misstatements during closing arguments did not deprive appellant of a fair trial should not be construed as an approval of the prosecutor's conduct during closing arguments. Appellant's ninth assignment of error is overruled.

*State v. Smith, supra,* ¶¶ 100-108.

The Warden argues this Ground for Relief is barred by Petitioner's procedural default in not objecting to the prosecutor's remarks when they were made.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas

> review of the claims is barred unless the prisoner can
> demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110 (1982);  *Wainwright,* 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-602 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that
> is applicable to the petitioner's claim and that the petitioner failed to
> comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster
> County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

In response to the procedural default defense, Petitioner argues:

> Concerning Ground Two, the Respondent mischaracterizes Ohio law. The fact that a contemporaneous objection was not made did not preclude consideration of this matter on appeal. The misconduct of the prosecutor was reviewed, only the standard, not the fact of review was affected. Nowhere did the Court of Appeals refuse to consider this assignment of error.

(Response to Return of Writ, Doc. No. 13, PageID 1420.)

Turning to the required analysis under *Maupin, supra*, this Court concludes Ohio does have a relevant procedural rule, to wit, the requirement that error be preserved for appeal by contemporaneous objection. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).  Furthermore, contrary to Petitioner's assertions, that rule was enforced in this case by the Butler County Court of Appeals when it refused to consider this alleged error except under the Ohio plain error rule.  *See State v. Smith, supra*, at ¶ 102.  A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, ___ F.3d ___, 2012 U.S. App. LEXIS 1905 *70 (February 2, 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir.

-12-

2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Ohio's contemporaneous objection rule is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, ___ F.3d ___, 2012 U.S. App. LEXIS 1905 *64 (February 2, 2012)(*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v. Bradshaw*, 482 F.3d 442, 451 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854, 867 (6th Cir. 2000), *citing Engle,* 456 U.S. at 124-29. *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Finally, Petitioner has not shown cause and prejudice to excuse his procedural default. While ineffective assistance of counsel can constitute excusing cause, Petitioner has failed to establish that claim, which was made in Ground One.

If this Court were to reach the merits of this claim of prosecutorial misconduct, it would still be obliged to give deference to the court of appeals plain error opinion. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009). The court of appeals concluded that, even without the prosecutor's improper comments, Smith would have been convicted of felonious assault as an aider and abettor. State v. Smith, supra, at § 107. Given the ample testimony about the volume of gunfire and the fact that automatic weapons were involved, this Court cannot say that is an unreasonable determination of the facts in light of the evidence presented.

-13-

Ground Two for Relief should be dismissed with prejudice.

## Ground Three

In his Third Ground for Relief, Petitioner asserts constitutional error in the trial court's refusal to sever his trial from that of his co-defendants.  This claim was presented as the eighth assignment of error on direct appeal.  The court of appeals decided:

[*P91]  Assignment of Error No. 8:

[*P92]  "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT SMITH'S 14TH AMENDMENT RIGHT TO DUE PROCESS OF LAW BY OVERRULING HIS MOTION FOR SEPARATE TRIALS FROM THE OTHER DEFENDANTS."

[*P93]  Appellant argues that the trial court erred by denying his pretrial motion to sever his trial from that of his three co-defendants. Appellant asserts he was grossly prejudiced by the joint trial; further, "[i]t is evident he was convicted on a theory of guilt by association."

[*P94]  Crim.R. 14 permits a trial court to grant separate trials if joinder has a prejudicial effect on the accused. *See State v. Diar*, 120 Ohio St.3d 460, 2008 Ohio 6266, 900 N.E.2d 565. However, the accused bears the burden of proving that prejudice. *See State v. Coley*, 93 Ohio St.3d 253, 2001 Ohio 1340, 754 N.E.2d 1129; *State v. Wright,* Warren App. No. CA2008-03-039, 2008 Ohio 6765 (defendant must demonstrate that the denial of the motion was prejudicial, thereby affecting his right to a fair trial).

[*P95]  Appellant moved to sever his trial from that of his co-defendants in December 2007. On January 16, 2008, the trial court conducted a hearing to address several defense motions. During that hearing, appellant's attorney orally moved to withdraw his Crim.R. 14 motion for separate trials. There is no judgment entry in the record before us reflecting appellant's oral motion to withdraw his Crim.R. 14 motion. By entry filed on January 30, 2008, the trial court denied appellant's Crim.R. 14 motion as follows: "This cause came to be heard upon the motion of the Defendants. After a full hearing on this

-14-

matter, the Defendant's Motion for Separate Trials is hereby DENIED." The caption of the entry lists all four co-defendants. The record shows that during the January 30 hearing, Shadeed orally moved to withdraw his motion for separate trials; Teray orally moved for separate trials; and based on his previously filed motion for separate trials, Terry argued for separate trials.

[*P96]  Assuming the trial court did deny his motion for separate trials on January 30, 2008, appellant failed to renew his motion at the close of the state's case, or at the conclusion of all the evidence. "Where a defendant fails to renew his motion at the close of the state's case or at the conclusion of all the evidence, *** the defendant waives all but plain error on appeal. Errors otherwise waived may be considered by an appellate court under the doctrine of plain error if the error affects a substantial right. Notice of plain error pursuant to Crim.R. 52(B) must be taken with the utmost caution, only under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Wright*, 2008 Ohio 6765, P10. (Internal citations omitted.)

[*P97]  In the case at bar, the evidence presented was not so complex that the jury could not differentiate the proof as to the charges against appellant and his co-defendants. While the facts of the case involved the participation of several individuals in the shootout, the record shows that the state presented evidence as to each defendant, and that the jury could distinguish the evidence as it pertained to appellant and his co-defendants. In fact, the jury was able to acquit appellant, Shadeed, and Teray on some counts and convict them on others; with regard to Terry, the trial court declared a mistrial after the jury was hopelessly deadlocked. This strongly indicates that the jury was not confused by the testimony adduced at trial and was able to attribute to each defendant evidence particular to that particular party. We find no indication in the record that the jury "lumped" appellant with his co-defendants in reaching its verdict or that it convicted appellant by guilt by association.

[*P98]  Based upon the foregoing, we find appellant has failed to demonstrate he was prejudiced by the joinder of his trial with that of his co-defendants, and therefore, we find no plain error. Appellant's eighth assignment of error is overruled.

*State v. Smith, supra.*

Respondent asserts three procedural defaults of this claim – failure to fairly present it as a

federal constitutional claim in the state courts, failure to renew the motion to sever at the conclusion

of the State's case or at the conclusion of all the evidence, and failure to include it in the appeal to

the Ohio Supreme Court (Return of Writ, Doc. No. 9, PageID 50-53).

Petitioner responds:

> Concerning Grounds Three and Four, the Respondent argues that the Petitioner failed to raise these issues in the context of federal law. This is untrue. Both assignments of error clearly specify violations of the due process clause of the U. S. Constitution. While the Court of Appeals cited Ohio state cases in its decision, there is no indication that they did not address the issue of due process of law simply because they were state cases. The fact is that the due process clause was raised as the bases of these assignments of error explicitly.

> Concerning these two Grounds, Three and Four, the Respondent correctly states that they were raised explicitly in the Twelfth District Court of Appeals but that they were not raised again in the Ohio Supreme Court. The Petitioner had no input into this decision and an evidentiary hearing would permit him to give evidence as to these circumstances. However, to claim that these issues were not fully and fairly argued is untrue. They were not argued at all levels but the State did have the opportunity, and used it, to fully argue this issue.

(Response to Return of Writ, Doc. No. 13, PageID 1420-1421.)

The Court examines these three asserted procedural defaults in turn.


**Fair Presentation**


To preserve a federal constitutional claim for presentation in habeas corpus, the  claim must

be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy

the asserted constitutional violation, including presenting both the legal and factual basis of the

claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506 (6th

Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2d Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker,* 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis,* 50 F.3d 492, 494 (7th Cir. 1995).

The eighth assignment of error is argued at pages 22-24 of Petitioner's Brief on appeal (Return of Writ, Doc. No. 9, Ex.18, PageID 133-135). The only citation of law in support of the assignment is *United States v. Monaghan,* 741 F.2d 1434, 1441 (D.C. Cir. 1984), which is cited for the proposition that "Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in, the solution to some pressing social problem. The amelioration of society's woes is far too heavy for the individual criminal defendant to bear." *Monaghan* was a single defendant case affirmed over a claim of prosecutorial misconduct; it does not speak at all to the question of severance or joinder of criminal defendants for trial. The two sentences before the quoted language read:

> A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence.

*Id.* , (footnotes omitted).  Thus there is no way from this single citation of an inapposite case that the Butler County Court of Appeals would have understood it was faced with a constitutional question about severance.  As the cited cases above indicate, mere incantation of the words "due process" are not an argument.  Contrary to Petitioner's argument, the court of appeals did not cite Ohio cases relying on due process concepts for its decision of this assignment of error.

This Court concludes Petitioner did not fairly present his constitutional claim for severance to the state court of appeals.


**Failure to Renew Motion**


The court of appeals also held Petitioner had forfeited this claim by not renewing it at the close of the State's case or the close of all the evidence.  As authority for this proposition, the court of appeals cited its own prior decision in *State v. Wright*, No. CA 2008-03-039, 2008 Ohio 6765, 2008 Ohio App. LEXIS 5635 (Ohio App. 12th Dist. Dec. 22, 2008), which in turn relied on *State v. Williams*, Nos. 02AP-730 & 731, 2003 Ohio 5204, 2003 Ohio App. LEXIS 4661 (Ohio App. 10th Dist. Sept. 30, 2003).  The *Williams* court in turn cited authority from both the Eighth and Eleventh Districts Courts of Appeals to the same effect.  *Williams* at \*\*17, *citing State v. Brady*, 48 Ohio App. 3d 41 (Ohio App. 11th Dist. 1988), and *State v. Walker*, 66 Ohio App. 3d 518 (Ohio App. 8th Dist. 1990).

Thus there is an Ohio procedural rule requiring that a severance motion be renewed at the conclusion of the evidence which appears to be firmly established, based on the cases cited, and which the Butler County Court of Appeals enforced against Petitioner in this case.

-18-

The Magistrate Judge concludes that the Ohio rule requiring renewal of the objection to joinder is an adequate and independent state ground of decision.  The state interest involved is curing an error before it ripens into an erroneous judgment.  Because the test for the propriety of joinder is fact-intensive, facts may well have been disclosed during the State's case in chief which would not have been apparent when the motion to sever was made pre-trial.  Finally, this ground appears completely independent of federal law.

Petitioner has offered no excusing cause and prejudice for this procedural default.


**Failure to Appeal to the Ohio Supreme Court**


Petitioner concedes he did not include this Ground for Relief in his appeal to the Ohio Supreme Court.  He argues this is excused by the failure of his appellate attorney to consult him about what to include.  However, absent a claim of ineffective assistance of appellate counsel, which has not been made here, Petitioner is bound by the acts of his appellate attorney, who was acting as his agent in bringing the appeal.  "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" *Maples v. Thomas*, ___ U.S. ___, 132 S. Ct. 912, 923 (2012), *citing Coleman,* 501 U. S., at 753.

Failure to include a claim on appeal to the Ohio Supreme Court constitutes a procedural default of the claim for habeas corpus.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

For all of these reasons, the Warden's procedural default defense to Ground Three is well taken and that Ground should be dismissed with prejudice.


-19-

## Ground Four

In his Fourth Ground for Relief, Petitioner claims the prosecutor introduced improper prior bad acts and a photograph of a co-defendant with a gun, thereby depriving him of a fair trial.

As to this claim, the Warden identifies it as the fourth and fifth assignments of error on direct appeal, but asserts procedural defaults in failing to fairly present this as a federal constitutional claim to the state courts and failure to include it on appeal to the Ohio Supreme Court (Return of Writ, Doc. No. 9, PageID 53.)  Petitioner's response is combined with his argument on Ground Three, quoted above.

These two assignments of error are argued separately in the Brief at pages 12-16 (Return of Writ, Doc. No. 9, Ex. 18, PageID 123-127).  On the prior bad acts claim, Petitioner cited *Drope v. Missouri*, 420 U.S. 162 (1975), and *State v. Schaim*, 65 Ohio St. 3d 51 (1992).  Both of these cases rely on federal constitutional due process concepts, so this portion of Ground Four was fairly presented.  No case authority at all was cited on the fifth assignment of error.

In deciding the fourth assignment of error, the court of appeals decided the prior bad acts testimony did not violate Ohio R. Evid. 404(B) in that there was a valid limited purpose for introducing it (to show Smith's legal disability to possess a firearm) and the trial judge instructed the jury to consider it only for that limited purpose.  No constitutional analysis was given.  *State v. Smith, supra*, ¶¶ 56-62.  The court of appeals did cite federal law in deciding the fifth assignment of error.  *Id.* at ¶ 70.  The Magistrate Judge concludes Ground Four was fairly presented to the state courts.

However, these two assignments of error were not included in the appeal to the Ohio

Supreme Court. Ground Four is therefore procedurally defaulted on this basis on the authority cited as to Ground Three.

## Conclusion

On the basis of the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with the Magistrate Judge's conclusions on Grounds One, Three, and Four, Petitioner should be denied a certificate of appealability on those claims. Because the Butler County Court of Appeals itself found the claim of prosecutorial misconduct a relatively close call, Petitioner should be granted a certificate of appealability on Ground Two and permitted to appeal *in forma pauperis*.

February 27, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure

may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Smith Gabriel Habeas.wpd