```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

GABRIEL TYRONE SMITH,              :         NO. 1:11-CV-083
                                   :
      Petitioner,                  :
                                   :
      v.                           :         **OPINION AND ORDER**
                                   :
WARDEN, WARREN CORRECTIONAL        :
INSTITUTION,                       :
                                   :
      Respondent.                  :

      This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15), Petitioner's Objection (doc. 16), The Magistrate Judge's Supplemental Report and Recommendation (doc. 17), and Petitioner's Objection (doc. 18).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendations, and DISMISSES Petitioner's Petition with prejudice.

**I.  Background**

      Petitioner was convicted in February 2008 in the Butler County Common Pleas court of felonious assault, with repeat violent offender and firearm specifications (doc. 1).  Petitioner's conviction was based on a gunfight on September 19, 2007, as witnesses identified him as the driver of a Ford Taurus with passenger co-Defendants that were shooting in the projects at Middletown, Ohio.

      In his Petition for Habeas Corpus Petitioner brings four grounds for relief: 1) ineffective assistance of counsel, 2)

prosecutorial misconduct, 3) failure to grant motion for separate trials, and 4) use of prior bad act evidence and guilt by association in violation of due process of law (doc. 15).  The Magistrate Judge reviewed each of Petitioner's grounds for relief, and concluded that Petitioner's Petition should be dismissed with prejudice (Id.).  The Magistrate Judge further recommended that Petitioner should be denied a certificate of appealability on his claims in grounds one, three, and four (Id.).  However, as the Butler County Court of Appeals found the claim of prosecutorial misconduct a relatively close call, the Magistrate Judge recommended that Petitioner be granted a certificate of appealability on ground two and be permitted to appeal in forma pauperis (Id.).

Petitioner objected to the Magistrate Judge's Report and Recommendation on each ground (doc. 16).  As for his claim of ineffective assistance of counsel, Petitioner contends trial counsel filed to timely identify a defense witness that was excluded from testifying, and that trial counsel failed to object to the prosecutor having argued in closing that witnesses had seen Petitioner with a gun when no such testimony existed (Id.).  For his second claim, prosecutorial misconduct, Petitioner claims the Magistrate Judge merely speculates that although the jury was capable of acquitting Petitioner of the firearm specification, he would have been convicted as an aider and abettor (Id.).  As for

2

Ground Three, Petitioner argues he was faced with the incongruous result of being found not to have a gun, but to nonetheless be guilty of felonious assault (Id.).  In Petitioner's view, the Twelfth District characterized the incident as a "running gun battle," and in such a confusing situation he should have been entitled to a separate trial (Id.).  Finally, as to Ground Four, Petitioner argues the introduction of prior bad acts testimony and an inflammatory photograph were highly improper, and the Magistrate Judge failed to address the unfairness of such when he relied on procedural default to dismiss such ground (Id.).

       In his Supplemental Report and Recommendation, the Magistrate Judge found the court of appeals was not unreasonable that Petitioner suffered no prejudice because a lay witness testified to the same fact the excluded investigator would have testified to-that shots were fired at the vehicle in which Petitioner was present (doc. 17).  The Magistrate Judge rejected Petitioner's objection that the excluded witness was hired as an expert, for whom credibility would not be an issue (Id.).  The Magistrate Judge noted that because the expert testimony was never proffered in state court, it is impossible to say whether the witness would have been qualified as an expert and permitted to testify (Id.).  A lay witness already testified that there were bullet indentations on the outside of the car such that the Magistrate Judge rejected the theory that the court of appeals'

decision was unreasonable (Id.).

Similarly the court of appeals concluded it was not deficient performance to fail to object to a misstatement of the evidence by the prosecutor--that Defendant was shooting from the car-- in closing argument (Id.).  Although the court of appeals reported that the remarks were clearly improper, it found no prejudice because the trial judge instructed the jury that closing arguments were not evidence, and in any event, the jury acquitted Petitioner of the firearm specification of firing from a vehicle (Id.).  The Magistrate Judge found this was not an unreasonable application of relevant Supreme Court precedent (Id.).

The Magistrate Judge further found correct the appeals court's finding that, even without the prosecutor's improper comments, it was likely Petitioner would have been convicted of felonious assault as an aider and abettor (Id.).  The Magistrate Judge rejected Peitioner's argument that such conclusion is merely speculative, based on the lengthy factual recitation in the record showing Petitioner was driving the Taurus and that others inside the car were engaged in the gunfight (Id.).

The Magistrate Judge found Petitioner's Ground Three procedurally defaulted, and his Ground Four procedurally defaulted for failure to present it on appeal to the Ohio Supreme Court (Id.).  In summary, the Magistrate Judge concluded the Petitioner's Petition should be denied with prejudice, and that he

4

should be denied a certificate of appealability as to Grounds One, Three, and Four (Id.). However, the Magistrate Judge opined that because the Butler County Court of Appeals itself found the claim of prosecutorial misconduct a relatively close call, Petitioner should be granted a certificate of appealability on Ground Two and be permitted to appeal in forma pauperis (Id.).

In his Objection to the Magistrate Judge's Supplemental Report and Recommendation, Petitioner reiterates his positions and relies on previously raised arguments (doc. 16). He repeats the claim that he was nothing but a passenger in the vehicle, though numerous witnesses at trial testified otherwise. He claims that a hearing would resolve the issue as to whether Petitioner was prejudiced to the lack of the expert witness.

Having reviewed this matter, de novo, the Court finds the Magistrate Judge's Reports and Recommendations thorough, well-reasoned, and correct. The Court sees no basis in Petitioner's objections to the contrary that entitle him to the relief he seeks, and finds no need for a hearing on the question of the expert witness. Finally, Petitioner has offered no basis for overcoming his procedural default on Grounds Three and Four.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (docs. 15, 17) in all respects, and DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1), with prejudice. Because reasonable jurists would not disagree

with the Magistrate Judge's conclusions on Grounds One, Three, and Four, the Court DENIES Petitioner a certificate of appealability on those claims. However, because the Butler County Court of Appeals found the claim of prosecutorial misconduct a relatively close call, the Court GRANTS a certificate of appealability on Ground Two and GRANTS Petitioner leave to appeal *in forma pauperis* on such claim.

SO ORDERED.

Dated: November 27, 2012        s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge