IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GABRIEL TYRONE SMITH,

        Petitioner,    :    Case No. 1:11-cv-083

  - vs -        District Judge S. Arthur Spiegel
        Magistrate Judge Michael R. Merz

WANZA JACKSON, WARDEN,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion to Extend Time for Filing Notice of Appeal (Doc. No. 21) which Respondent opposes (Doc. No. 22). Because it is filed post-judgment, the Motion is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

The Court entered final judgment in this case, denying relief but granting a certificate of appealbility on Ground Two and leave to appeal *in forma pauperis,* on November 27, 2012 (Doc. Nos. 19, 20). Under Fed. R. App. P. 4(a)(1)(A), Petitioner's notice of appeal was due to be filed not later than the thirtieth day thereafter, December 27, 2012. The instant Motion was not filed until January 30, 2014.

The usual mode of obtaining an extension to file an appeal is by motion under either Fed. R. App. P. 4(a)(5)(A)(i) or 4(a)(6), but neither of those routes is available to Petitioner because too much time has expired since judgment was entered. Instead, Petitioner seeks to invoke the "unique circumstances" doctrine recognized in *United Artists Corp. v. La Cage Aux Folles, Inc.,*

1

771 F. 2d 1265, 1267-70 (9th Cir. 1985).  The United States Supreme Court has, as respondent notes, repudiated the "unique circumstances" exception to the requirement of timely filing a notice of appeal in a civil case.  *Bowles v. Russell,* 551 U.S. 205, 214 (2007).  Even before *Bowles* was handed down, the Ninth Circuit had recognized that United Artists was no longer good law.  *Mount Graham Red Squirrel v. Madigan*, 954 F. 2d 1441, 1461 (9th Cir. 1992).

The Supreme Court made clear in *Bowles* that the time limit on filing a notice of appeal is jurisdictional.  This Court therefor has no power to grant the instant Motion, which must be DENIED.

January 31, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).