# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GABRIEL TYRONE SMITH,

        Petitioner,    :    Case No. 1:11-cv-083

  - vs -                           District Judge S. Arthur Spiegel
                                           Magistrate Judge Michael R. Merz

WANZA JACKSON, WARDEN,

                                   :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc., No. 25) to the Magistrate Judge's Report and Recommendations (Doc. No. 23) recommending denial of Petitioner's Motion to Extend Time for Filing Notice of Appeal (Doc. No. 21). Judge Spiegel has recommitted the Motion for reconsideration in light of the Objections (Doc. No. 26).

Final judgment was entered in this case on November 27, 2012. The instant Motion was filed January 30, 2014, making an extension of time under Fed. R. App. P. 4(a)(5)(A)(i) or 4(a)(6) unavailable to Petitioner. Instead, he relied on the "unique circumstances" doctrine recognized in *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F. 2d 1265, 1267-70 (9th Cir. 1985).

The original Report recommended denying the extension, concluding both the Ninth Circuit and the Supreme Court had rejected the "unique circumstances" doctrine. (Report, Doc. No. 23, PageID 1484, citing *Mount Graham Red Squirrel v. Madigan*, 954 F. 2d 1441, 1461 (9th Cir. 1992), and *Bowles v. Russell,* 551 U.S. 205, 214 (2007).

1

Petitioner objects that both the Supreme Court in *Bowles* and the Magistrate Judge have ignored the impact of the Rules Enabling Act on this case (Objections, Doc. No. 25, PageID 1488). The Act, after empowering the Supreme Court to adopt rules of practice, provides in 28 U.S.C. § 2072(b) "Such rules shall not abridge, enlarge or modify any substantive right." Based on this provision, Petitioner argues:

> The right to an appeal on the merits has been abridged under the stance taken in this case. *Bowles* gave a deference to Congress that is not justified by the Rules Enabling Act of 1934, 28 U. S. C. 2071 – 2077. Rule making cannot be abrogated by the Court and a substantial right cannot be abridged which *Bowles* has done by eliminating the unique circumstances doctrine in unjustified deference to Congress.

As best the Magistrate Judge can make sense of this argument, it is that the right to an appeal on the merits is a substantive right somehow abridged by the Supreme Court's decision in *Bowles* in unjustified deference to Congress.

First of all, *Bowles* is in no way an attempt by the Supreme Court to exercise its rule-making power under the Rules Enabling Act. Thus the limitation in 28 U.S.C. § 2072(b) has no application here.

Instead, *Bowles* interpreted a different statute, 28 U.S.C. § 2107(c), as imposing a jurisdictional limit on the courts of appeals. That statute provides that no appeal shall be heard unless a notice of appeal is filed within thirty days of judgment with exceptions for certain parties and with authority in the district courts to grant extensions under limited circumstances. The Supreme Court held that its own prior jurisprudence which had recognized the "unique circumstances" doctrine as an exception to the thirty-day rule was "illegitimate" and it expressly overruled *Harris Truck Lines, Inc., v. Cherry Meat Packers, Inc.,* 371 U.S. 215 (1962), and *Thompson v. INS*, 375 U.S. 384 (1964). *Bowles* at 214.

Petitioner Smith seems to be arguing that the Supreme Court, which created the "unique circumstances" doctrine, did not have authority to abrogate it.  That is equivalent, it seems to the Magistrate Judge, to arguing that Congress, which created the right to appeal to the circuit courts of appeals (and indeed created those courts), cannot regulate when appeals can be taken.  Somehow, Smith seems to be arguing, the "unique circumstances" doctrine has constitutional status which the Supreme Court must respect.

Congress has the "undoubted power to regulate the practice and procedure of federal courts" *Sibbach v. Wilson*, 312 U.S. 1, 10 (1940).  § 2107(c), entitled Time for Appeal to Court of Appeals, is undoubtedly an exercise of that power.  In *Bowles* the Supreme Court determined that that statute created a jurisdictional line that district courts, even in habeas corpus cases, were not empowered to cross.[1]  A respectable argument can be made and was made in dissent in *Bowles* that the statute should not be interpreted to be jurisdictional.  But this Court must follow the decision in *Bowles*; it is not free to follow the logic of the dissent.

An argument could also be made that[2], because the Rules of Appellate Procedure are adopted by the Supreme Court under the Rules Enabling Act, they are not subject to the sort of rigid application which the Supreme Court commands for jurisdictional statutes in *Bowles*.  The difficulty with this argument is that the *Bowles* Court interpreted Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 in tandem and held that both of them were jurisdictional in nature.

---

[1] *Bowles* was a habeas corpus action brought to obtain relief from a murder conviction.
[2] Petitioner nowhere makes this argument in his original Motion, but relies entirely on the Ninth Circuit precedent, *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F. 2d 1265, 1267-70 (9th Cir. 1985)(Doc. No. 21, PageID 1476-77.)

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the Motion to Extension be denied.

April 24, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).