UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GABRIEL TYRONE SMITH, : NO. 1:11-CV-00083
:
    Petitioner, :
:
    vs. : **OPINION AND ORDER**
:
WARDEN, WARREN CORRECTIONAL :
INSTITUTION, :
:
    Respondent. :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 23), Petitioner's Objection (doc. 25), the Supplemental Report and Recommendation (doc. 27), and Petitioner's Objections (doc. 28). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendations (docs. 23, 27) and DENIES Petitioner's Motion to Extend Time for Filing of Notice of Appeal (doc. 21) for want of jurisdiction.

       The Magistrate Judge issued his Report and Recommendation that Petitioner, who filed his motion for an extension to file an appeal on January 30, 2014, was simply too late, and the Court therefore lacks jurisdiction (doc. 23). This Court entered its final judgment on November 27, 2012, and therefore, the Magistrate Judge reported, Petitioner's Notice of Appeal was due no later than thirty days later, by December 27, 2012 (Id.). The Magistrate Judge found Petitioner could not invoke "unique circumstances" to permit a late filing, because the Supreme Court has made clear that

the time limit on filing a notice of appeal is jurisdictional (Id. citing Bowles v. Russell, 551 U.S. 205, 214 (2007)).

Petitioner objected to the Magistrate Judge's Report and Recommendation contending "the right to an appeal on the merits has been abridged under the stance taken in this case," because in Bowles the Court deferred to the rule-making authority of Congress, but here, the rule was judicially-made pursuant to the Rules Enabling Act, 28 U.S.C. § 2072 (doc. 25). In Petitioner's view, Section 2072(b) applies, which states that rules promulgated by the court "shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect" (Id.). Petitioner appears to contend the application of Fed. R. App. P. 4(a)(1)(A) giving him thirty days to file a notice of appeal abridges a "substantial" right (Id.). He therefore requests, due to unique circumstances of his case, to pursue a late appeal on Ground Two of his Petition, for which he has already been granted a certificate of appealability (Id.).

Petitioner's argument gave the Court pause, such that it requested supplemental briefing (doc. 26). The Magistrate Judge, taking into consideration the Rules Enabling Act, found it has no application here (doc. 27). In the Magistrate Judge's view "Petitioner Smith seems to be arguing that the Supreme Court, which created the 'unique circumstances' doctrine, did not have authority to abrogate it. This is equivalent, it seems. . .to arguing that Congress, which created the right to appeal to the circuit courts

of appeals (and indeed created those courts), cannot regulate when appeals can be taken. Somehow, Smith seems to be arguing, the "unique circumstances' doctrine has constitutional status which the Supreme Court must respect" (Id.). The Magistrate Judge next noted that one could argue that because the Rules of Appellate Procedure are adopted by the Supreme Court under the Rules Enabling Act, they are not subject to the sort of rigid application which the Supreme Court commands for jurisdictional statutes in Bowles (Id.). However, the Magistrate Judge noted difficulty with such interpretation given that Bowles interpreted Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 in tandem and held both were jurisdictional in nature (Id.).

In response, Petitioner contends that the Supreme Court did not so clearly hold in Bowles that both Rule 4(a)(6) and 28 U.S.C. § 2107 are in fact jurisdictional (doc. 28). Petitioner argues "a jurisdictional statute is not commensurate with a rule of procedure" (Id.).

Having reviewed this matter, the Court concludes the Magistrate Judge is correct in his analysis. Ultimately any appeal in this matter is governed by 28 U.S.C. 2107 and Petitioner missed the deadline to appeal. The Court further agrees with the Magistrate Judge that Bowles, in affirming the Sixth Circuit, implicitly held the time limits in Rule 4 to be jurisdictional. 551 U.S. 205, 208. Even if the Court errs in such reading, it further follows that although Fed. R. App. P. 4(a) was promulgated pursuant to the Rules Enabling Act, there is no substantive right

3

abridged by the thirty-day deadline to file a notice of appeal. Rule 4(a) in no way adds to, subtracts from, or defines any of the claims in the petition, but rather establishes when the claims and applicable substantive law can be reviewed. Put another way, such rule is completely procedural and affects only timing and not substantive rights in and of themselves. <u>McCalla v. Royal Maccabees Life Insurance Co.</u>, 369 F.3d 1128, 1135 (9th Cir. 2004).

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendations (docs. 23, 27) and DENIES Petitioner's Motion to Extend Time for Filing of Notice of Appeal (doc. 21) for want of jurisdiction.

SO ORDERED.

Dated: June 10, 2014          <u>s/S. Arthur Spiegel</u>
                              S. Arthur Spiegel
                              United States Senior District Judge