# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GABRIEL SMITH,

               Petitioner,      :      Case No. 1:11-cv-083

  - vs -                            District Judge Susan J. Dlott[1]
                                    Magistrate Judge Michael R. Merz

CHAE HARRIS[2], Warden,
  Warren Correctional Institution

                             :

               Respondent.

## TRANSFER ORDER

This case is before the Court on Petitioner Gabriel Smith's *pro se* Motion for Leave to Amend Original Habeas Corpus Petition (ECF No. 31).

**Procedural History**

The Petition in this case was originally filed February 10, 2011, by attorney George Katchmer, Jr., who represented Petitioner at that time and at least through the filing of Objections on May 12, 2014 (ECF No. 28). The Petition contains four grounds for relief (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) failure to grant motion for separate trials; and (4) use of prior bad acts evidence and guilt by association in violation of due process of law (Petition, ECF No. 1).

---

[1] District Judge Susan J. Dlott has been randomly substituted for District Judge S. Arthur Spiegel who is deceased.
[2] Chae Harris, the current Warden at Warren Correctional Institution and Petitioner's custodian, is substituted as Respondent herein pursuant to Fed. R. Civ. P. 25 and the caption is amended accordingly.

On February 7, 2012, the undersigned Magistrate Judge recommended that the Petition be dismissed on the merits, but that Smith be granted a certificate of appealability on Ground Two (Report, ECF No. 15, PageID 1444). Over Petitioner's Objections (ECF Nos. 16, 18). Judge Spiegel adopted the Magistrate Judge's recommendations and dismissed the case with prejudice on November 27, 2012 (ECF Nos. 19, 20). As recommended, he also granted a certificate of appealability on Ground Two. *Id.*

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a habeas corpus case must be filed in the District Court within thirty days of the entry of judgment or, in this case, not later than December 27, 2012. No such notice was filed in this case. The next filing after the Judgment was the Motion to Extend Time for Filing Notice of Appeal, which Mr. Katchmer filed on Mr. Smith's behalf on January 30, 2014 (ECF No. 21). Respondent opposed the Motion (ECF No. 22). The Magistrate Judge recommended denying the Motion because the Supreme Court had held the filing deadline in App. R. 4 was jurisdictional, i.e., not subject to exceptions for "unique circumstances." (Report, ECF No. 23, PageID 1484, citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007).) Judge Spiegel adopted that Report on June 10, 2014, over Petitioner's Objections (ECF No. 29). The instant Motion followed more than three years later.

**Analysis**

Petitioner is serving a twenty-one year term of confinement for felonious assault on Demarco Conley; he was convicted of that charge with both firearm and repeat violent offender specifications. *State v. Smith*, No. CA2008-03-064, 2009-Ohio-5517, 2009 Ohio App. LEXIS 4648, 2009 WL 3350432, ¶ 27 (12th Dist. Oct. 19, 2009), appellate jurisdiction declined, 124 Ohio St. 3d 1477 (2010). Conley was still alive at the time of trial, but too ill to attend and his testimony was presented to the jury by video deposition. *Id.* at ¶ 2.

Conley did not survive his gunshot wounds and Smith was indicted for his murder on August 29, 2012 (Motion, ECF No. 21, PageID 1477). That case was tried in March 2013, resulting in a mistrial and ultimately, in May 2013, in a *nolle prosequi*. *Id.* As the Magistrate Judge reads the instant Motion, Smith believes that the mistrial on the murder charge proves he was not the shooter on the felonious assault. As he puts it in the Motion,

> What's problematic about this case, Petitioner was found not to be the shooter in the felonious assault that he was found guilty prior to the indictment of the Murder charge. As extraordinary as it may seem Petitioner remains in prison serving a 21 years sentence, even after a set of facts that demonstrate he is not the shooter or the murderer of the felonious assault he remains in prison serving a 21 year sentence in the Department of Corrections. If that does not rise to the level of "unique" circumstances then maybe this Honorable Court would be reasonable to infer that Petitioner went to trial which resulted in a mistrial on the murder offense, yet found guilty on the felonious assault, the problem is the State of Ohio failed to correct the conviction of felonious assault in which the facts of the case demonstrate he was not the shooter, but remains in prison serving a lengthy sentence when all parties involved agree he is not the shooter, and was found not guilty of "weapons under disability and not guilty of shooting out of a motor vehicle, clearly, this court would be reasonable to accept and grant his Motion requesting to amend the original habeas petition to allow the case to finally be reviewed on the unique set of circumstances.

(ECF No. 31, PageID 1506).

As a pro se litigant, Mr. Smith is entitled to a liberal construction of his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993). The Magistrate Judge construes the instant Motion as intending to raise a new claim in the nature of collateral estoppel: because I was acquitted on the murder charge, I am also innocent of the felonious assault charge.

This was not one of the claims pleaded in the original Petition, so to bring it now, Mr. Smith must amend the Petition. The title of his Motion evinces his understanding of that need. But before the Petition can be amended, the judgment dismissing this case with prejudice must be reopened. The Magistrate Judge therefore construes the instant Motion as seeking that relief as well, vacation of the original judgment.

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress placed a limit on second or successive habeas applications attacking the same judgment. Before proceeding in the District Court, those petitioners must receive permission from the circuit court of appeals. 28 U.S.C. § 2244(b). Although the District Court must decide in the first instance if a pleading is a second or successive habeas application, once it has answered that question affirmatively, it has no jurisdiction to proceed. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Instead, it must transfer the case to the circuit court. *In re Sims*, 111 F.3d 45 (6th Cir. 1997). If a purported motion for relief from judgment attacks the conviction rather than the district court's judgment, it should be transferred to the circuit court for permission to file. *United States v. Alford*, Case No. 11-4067 (6th Cir. Nov. 12, 2013)(unreported, copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *Sims*, *supra*.

In *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016), the Sixth Circuit faced a situation

4

precisely parallel to that presented here. Moreland simultaneously filed a motion for relief from judgment and a motion for leave to amend once the judgment was reopened. The Sixth Circuit held that both "motions are second or successive habeas petitions that the district court lacked jurisdiction to consider. Rather than denying Moreland's motions, the district court should have transferred them to this court to review as requests for permission to be filed." 813 F.3d at 319. More expansively, the Sixth Circuit wrote:

> Moreland's motions were second or successive petitions for habeas corpus relief that the district court lacked jurisdiction to review. Claims may not be presented in a second or successive petition for habeas corpus relief without permission from this court. 28 U.S.C. § 2244(b)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 528, 532, 538, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). Failure to obtain precertification for the filing of such a petition deprives the district court of jurisdiction to adjudicate the claims raised in such a petition. *Burton v. Stewart*, 549 U.S. 147, 149, 152-53, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam).
>
> Moreland's motions, although purportedly a Rule 60(b) motion and a post-judgment motion to amend, actually raise habeas claims. Rule 60(b) motions and motions to amend may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief. *Gonzalez*, 545 U.S. at 531-32; *Clark*, 764 F.3d at 658-59. Hence, when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise. *Gonzalez*, 545 U.S. at 530-31; *Clark*, 764 F.3d at 658-59. "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. *Id.* at 532 n.4. But he *is* making a habeas claim when he seeks to add a new ground for relief or seeks to present "new evidence in support of a claim already litigated." *Id.* at 531-32.

813 F.3d at 322-23.

Because the Motion raises a new habeas corpus claim not adjudicated previously in this

5

case, the Magistrate Judge finds it to be a second or successive habeas corpus application which must be transferred to the Sixth Circuit. *Moreland* makes it clear that it is error for the District Court to decide the merits of a Rule 60(b) motion that amounts to a second or successive habeas application.

It appears to this Court that Mr. Smith's Motion is untimely in that motions to reopen a judgment must usually be brought within one year of the judgment and also untimely as barred by the one-year statute of limitations. Those, however, are observations on the merits, which this Court cannot decide without circuit court permission.

**Conclusion**

The instant Motion is a second or successive habeas application attacking the same judgment as the original Petition. This Court accordingly lacks jurisdiction to consider it on the merits absent permission from the Sixth Circuit. The Clerk is therefore ordered to TRANSFER this Motion to the Sixth Circuit for further consideration.

January 26, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge